# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM WARD, Individually and on Behalf of All Others Similarly Situated, | CASE NO: _____ |
| v. | |
| GUIDANT GLOBAL INC. D/B/A BARTECH GROUP INC. | COLLECTIVE ACTION (29 U.S.C. § 216(b)) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff William Ward ("Ward") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") against Defendant Guidant Global Inc. d/b/a Bartech Group Inc. ("Bartech").

2. Ward and the other workers like him regularly worked for Bartech in excess of 40 hours each week.

3. But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

4. Instead, Bartech paid Ward and other workers like him the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or "straight time for overtime").

5. Ward brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant Bartech Group, Inc. maintains its headquarters in this District and Division.

## THE PARTIES

8. During the relevant period, Ward was an hourly employee of Bartech.

9. Throughout his employment with Bartech, Ward was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

10. His written consent is attached herein as <u>Exhibit A</u>.

11. Ward brings this action on behalf of himself and other similarly situated workers who were paid by Bartech's "straight time for overtime" system.

12. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All hourly employees of Bartech during the past 3 years who were paid straight time for overtime (the "Putative Class Members").**

13. Ward seeks conditional and final certification of this Putative Class in this collective action under 29 U.S.C. § 216(b).

14. Bartech is a staffing agency headquartered in Southfield, Michigan.

15.    Bartech may be served with process by serving its registered agent, CSC-Lawyers Inco, 601 Abbot Rd., East Lansing, MI 48823.

## COVERAGE UNDER THE FLSA

16.    For at least the past three years, Bartech has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17.    For at least the past three years, Bartech has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18.    For at least the past three years, Bartech has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19.    Bartech has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as hand tools, automobiles, computers, and cell phones.

20. At all times hereinafter mentioned, Ward and the Putative Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

**FACTS**

21. Bartech provides staffing solutions to projects ranging from renewable energy, engineering, information technology, and manufacturing.

22. In order to provide services to its clients, Bartech hires employees it pays on an hourly basis.

23. Ward worked for Bartech as a Client Representative.

24. Ward was paid $64 an hour for every approved hour worked.

25. Ward was employed by Bartech from approximately May 2017 to November 2017.

26. Ward was an hourly employee of Bartech.

27. Ward was not paid a guaranteed salary.

28. Ward was staffed by Bartech to Blue Hill, Nebraska.

29. Ward reported the hours he worked to Bartech on a regular basis.

30. If Ward worked under 40 hours, he was only paid for the hours he worked.

31. But Ward would regularly work more than 40 hours in a week.

32. In fact, Ward routinely worked 60 hours a week.

33. The hours Ward worked are reflected in Bartech's payroll records.

34. Bartech paid Ward the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

35. Bartech did not pay Ward overtime for all hours worked in excess of 40 hours in a single workweek.

36. Rather than receiving time and half as required by the FLSA, Ward only received "straight time" pay for overtime hours worked.

37. This "straight time for overtime" payment scheme violates the FLSA.

38. Bartech was aware of the overtime requirements of the FLSA.

39. Bartech nonetheless failed to pay certain hourly employees, such as Ward, overtime.

40. Ward and the Putative Class Members perform job duties in furtherance of the renewable energy, engineering, information technology, and manufacturing sectors and are subjected to similar compensation practices.

41. Ward and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

42. Ward and the Putative Class Members regularly worked in excess of 40 hours each week.

43. Bartech did not pay Ward and the Putative Class Members on a salary basis.

44. Bartech paid Ward and the Putative Class Members "straight time for overtime."

45. Bartech failed to pay Ward and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

46. Bartech knew, or acted with reckless disregard for whether, Ward and the Putative Class Members were paid in accordance with the FLSA.

47. Bartech's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

48. The illegal pay practices Bartech imposed on Ward were imposed on the Putative Class Members.

49. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

50. Numerous other individuals who worked with Ward were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

51. Based on his experiences and tenure with Bartech, Ward is aware that Bartech's illegal practices were imposed on the Putative Class Members.

52. The Putative Class Members were not paid overtime when they worked more than 40 hours per week.

53. Bartech's failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

54. Ward's experiences are therefore typical of the experiences of the Putative Class Members.

55. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent collective treatment.

56. Ward has no interest contrary to, or in conflict with, the Putative Class Members.

57. Like each Putative Class Member, Ward has an interest in obtaining the unpaid overtime wages owed under federal law.

58. The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Bartech.

59. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

60. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and Bartech will reap the unjust benefits of violating the FLSA.

61. Furthermore, even if some Putative Class Members could afford individual litigation against Bartech, it would be unduly burdensome to the judicial system.

62. If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to Bartech, and to the Court.

63. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

64. The questions of law and fact common to each of Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Bartech required Ward and the Putative Class Members to work more than 40 hours during individual work weeks;

   b. Whether Bartech's decision to pay Ward and the Putative Class Members straight time for overtime was made in good faith;

   c. Whether Bartech paid Ward and the Putative Class Members on a salary basis;

   d. Whether Bartech failed to pay Ward and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

   e. Whether Bartech's violation of the FLSA was willful; and

   f. Whether Bartech's illegal pay practices were applied to Ward and the Putative Class Members.

65. Ward and the Putative Class Members sustained damages arising out of Bartech's illegal and uniform employment policy.

66. Ward knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

67. Ward will fairly and adequately represent and protect the interests of the Putative Class Members.

68. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment

### CAUSE OF ACTION

69. By failing to pay Ward and the Putative Class Members overtime at one-and-one-half times their regular rates, Bartech violated the FLSA's overtime provisions.

70. Bartech owes Ward and the Putative Class Members overtime pay at the proper overtime rate.

71. Because Bartech knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Bartech owes these wages for at least the past three years.

72. Bartech is liable to Ward and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

73. Ward and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### JURY DEMAND

74. Ward demands a trial by jury.

## RELIEF SOUGHT

75.  WHEREFORE, Ward prays for judgment against Bartech as follows:

   (a)   For an order allowing this action to proceed as a collective action and directing notice to the class;

   (b)   For an order pursuant to Section 16(b) of the FLSA finding Bartech liable for unpaid back wages, and an equal amount of liquidated damages, due to Ward and the class members;

   (c)   For an order awarding Ward and the class members the costs of this action;

   (d)   For an order awarding Ward and the class members their attorneys' fees;

   (e)   For an order awarding Ward and the class members pre- and post-judgment interest at the highest rates allowed by law; and

   (f)   For an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Jennifer L. McManus
**Jennifer L. McManus (P65976)**
**FAGAN MCMANUS, PC**
25892 Woodward Avenue
Royal Oak, MI 58067-0910
248-542-6300 – Telephone
jmcmanus@faganlawpc.com

**AND**

**Michael A. Josephson**
TX Bar No. 24014780
(*pending pro hac vice admission*)
**Andrew W. Dunlap**
TX Bar No. 24078444
(*pending pro hac vice admission*)
**Taylor A. Jones**

TX Bar No. 24107823
(*pending pro hac vice admission*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
tjones@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
TX Bar No. 24001807
(*pending pro hac vice admission*)
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**