UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| **WILLIAM WARD**, Individually and for Others Similarly Situated, <br><br> vs. <br><br> **GUIDANT GLOBAL, INC. d/b/a BARTECH GROUP, INC.**, and **CORPORATE EMPLOYMENT RESOURCES, INC. d/b/a BARTECH STAFFING** | § § § § § § § § § § § § § | Civil Action No. 2:22-cv-1002-DSC <br><br> **JURY TRIAL DEMANDED** |

## APPROVAL ORDER

Before the Court is Plaintiff William Ward (Plaintiff or Ward) and Defendants Guidant Global, Inc., d/b/a Bartech Group, Inc., and Corporate Employment Resources, Inc. d/b/a Bartech Staffing's (Defendants or Bartech) (collectively, the Parties) Joint Motion for Approval of Collective Action Settlement. For good cause shown, and as more fully explained below, the Motion is hereby GRANTED as follows:

1. After review of the Parties' Settlement Agreement and Release (the Agreement[1]), the Court concludes the Agreement is a fair and reasonable compromise of a *bona fide* dispute that will adequately compensate Ward and the Opt-in Plaintiffs (identified in Exhibit 1 to the Parties' Agreement) for the unpaid overtime alleged and will eliminate the need for the Parties to engage in further protracted and expensive litigation. The Agreement is adequate, fair, and

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning ascribed to them as those defined in the Parties' Agreement.

reasonable, is in the best interests of the Parties and the Opt-in Plaintiffs, and should be and hereby is approved in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. The Agreement shall be administered in accordance with its terms.

2. By filing written consents to join this Lawsuit, Ward and the Opt-in Plaintiffs: (1) authorized Ward and Class Counsel to act as their agents and to negotiate a settlement of any and all claims they may have against Defendants, subject to a review of fairness by the Court; and (2) consented and agreed to be bound by any judgment of the Court or settlement of this Lawsuit that the Court reviews and determines to be fair and reasonable.

3. The Court grants Class Counsel's requested Fee Award of $880,000.00 and reimbursement of Costs and Expenses in an amount not to exceed $30,000.00, to be paid out of the Gross Settlement Amount.

4. The Court grants the Parties' request for an Enhancement Award of $7,500.00 to be paid to Ward out of the Gross Settlement Amount.

5. Upon the Effective Date of the Agreement, Ward and the Opt-in Plaintiffs shall be deemed to have released and forever discharged the Releasees from any and all Released Claims.

6. This Approval Order and the Agreement are binding on Ward, Defendants, and the Opt-in Plaintiffs.

7. This Action is hereby DISMISSED in its entirety, on the merits, and WITH PREJUDICE, without costs to any party, except to the extent otherwise expressly provided in the Parties' Agreement.

IT IS SO ORDERED.

DATE: November 29, 2022                    s/David Stewart Cercone
                                           David Stewart Cercone
                                           Senior United States District Judge